IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONSTANTINO HATZISARROU,<br>Plaintiff,<br><br>v.<br><br>MIKE LINDWASSER,<br>Defendant, | )<br>)<br>)<br>)   Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

The plaintiff Duffy Archive Limited ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Mike Lindwasser ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff is an individual doing business as Psaris Production at 79 Stanton Street, New York, New York 10002-1872.

3. Upon information and belief, Defendant is an individual doing business as Mike Lindwasser Photography at 88 10th Avenue, New York, New York 10011.

### JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright

1

infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper.  Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. **Plaintiff's Business**

1. Plaintiff is an individual who makes a living in the visual arts.

2. Plaintiff owns the copyrights in and to the visual work depicted here and hereinafter referred to as the "Copyrighted Work":



3. The Copyrighted Work is a work made for hire by the artist Antonio Garcia.

4. Plaintiff acquired all the copyrights in and to the Copyrighted Work and has

owned at all relevant times all copyrights in the Copyrighted Work.

5.     Plaintiff has obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-034-629for the copyrights in and to the Copyrighted Work.

6.     The Copyrighted Work is an original work of authorship.

**B.     Defendant's Unlawful Activities**

7.     In or about Aug 2024, Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

8.     Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's authorization, at a website owned and operated by Defendant, displayed at the following URL, where Defendant was selling infringing copies of the Copyrighted Work:

- https://www.mikelindwasserphotography.com/cdn/shop/files/brooklyn.jpg?v=1690220173&width=1445

9.     A screen shot from Defendant's website showing an unlawful reproduction of the Copyrighted Work is depicted here:



3

10. Defendant's depiction of the Copyrighted Work is not only substantially and strikingly similar to the Copyrighted Work but an exact copy and thus constitutes an unlawful reproduction.

11. Upon information and belief, Defendant had access to the Copyrighted Work on the Internet from which, without authorization from Plaintiff, Defendant downloaded the Copyrighted Work to computer systems owned or operated by Defendant.

12. Upon information and belief, Defendant then slightly altered the lighting of the Copyrighted Work thus using the Copyrighted Work in the creation of the infringing webpages to attract users to visit and remain at the infringing website, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

13. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work.

14. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

15. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work was knowing and willful in that Defendant has acted in reckless disregard of Plaintiff's copyrights.

16. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work was knowing and willful in that Defendant, a sophisticated media company well versed in the laws of copyright, knew or should have known of the need to seek a license for the use of the Copyrighted Work, knew too it did not have a

license to use Plaintiff's Copyrighted Work. And deliberately did so anyway.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

17. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

18. The Copyrighted Work is an original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

19. Plaintiff owns all rights, title, and interest in and to the copyrights in the Copyrighted Work.

20. As a result of Plaintiff's public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

21. By his actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative work, and publicly displaying the Copyrighted Work at the infringing website.

22. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

23. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

24. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

25. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 24, 2025

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 W. 43rd Street, Suite 275
New York, New York  10036-7424
Tel : (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*